[No. 5087.]
[No. 2658 C. A.]

ASHTON v. THE EDWARD THOMPSON COMPANY.

**Sales—Action for Purchase Price—Evidence—Burden of Proving Sale and Delivery.**

In an action for the purchase price of goods, the sale and delivery is the gist of the action and the burden is upon the plaintiff to prove such sale and delivery. The mere presentation of a bill for merchandise is no proof of the sale and delivery of the articles.—P. 369.

*Appeal from the County Court of Teller County.*
*Hon. A. S. Frost, Judge.*

An action by The Edward Thompson Company against Scott Ashton. From a judgment for plaintiff, defendant appeals.            *Reversed.*

Mr. Frank J. Hangs, for appellant.

Mr. Justice Bailey delivered the opinion of the court:

Appellee, who was plaintiff below, brought this action against appellant for books alleged to have been sold and delivered in April, 1900, to appellant, for an agreed sum of $142.00, and claiming that there was a balance due of $117.00.

The answer was a general denial, and for a second defense, payment was alleged.

But one witness testified. This witness stated that he presented the bill for the books to defendant, and that defendant refused to pay it, stating that plaintiff had not treated him right. The witness stated that he did not know whether or not the books had ever been sold or delivered to defendant.

Aside from this testimony, the only other evidence introduced was a statement of account, from which it appeared that plaintiff charged defendant, on account of law books, $142.00, and gave credit by cash received for $25.00, leaving a balance of $117.00.

The jury rendered a verdict in favor of plaintiff for $117.00 and interest. Defendant appeals.

The sale and delivery of the books by plaintiff to defendant was the gist of the action. The burden was upon the plaintiff to prove such sale and delivery. This the plaintiff did not do. There is no evidence upon which the verdict can be sustained. The mere presentation of a bill for merchandise is no proof of the sale and delivery of the articles.

24

There being no evidence upon which the verdict of the jury can stand, the trial court should have set it aside.

For the reasons stated, the judgment will be reversed. *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.